IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT A. SAMFORD, JR., | § | |
| TDCJ #835644, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0279 |
| | § | |
| ASSISTANT WARDEN C.S. | § | |
| STAPLES, *et al.*, | § | |
|     Defendants. | § | |

## ORDER

State inmate Scott A. Samford Jr. filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with a strip search conducted by prison officials. On February 2, 2006, the Court entered an Order for a More Definite Statement, directing Samford to answer certain interrogatories within thirty days. When Samford failed to comply within the time allowed, this Court dismissed the case without prejudice for want of prosecution on March 29, 2006. Samford has filed objections to the dismissal order, which the Court construes as a motion under Rule 59(e) of the Federal Rules of Civil Procedure. He has also filed a motion for leave to amend the complaint. Both motions are denied for reasons set forth below.

A Rule 59(e) motion "must 'clearly establish either manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). This Court has previously declined to reinstate this case, noting that Samford has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). (Doc. #11). Samford does not

dispute that he filed the complaint in this case without first completing the two-step prison grievance process with respect to his claims. The exhibits attached to his proposed amended complaint confirm that he has not exhausted his administrative remedies with respect to all of his claims. Because Samford filed suit without first exhausting his administrative remedies, he fails to show that a dismissal was manifestly erroneous.

Moreover, a review of Samford's proposed amended complaint reveals an additional reason for dismissal. Samford complains in this case that prison officials subjected him to an illegal strip search on December 7, 2005. The amended complaint shows that Samford received a prison disciplinary conviction for refusing to submit to the disputed strip search and for failure to obey an order in connection with that search. (Doc. #15, *TDCJ Disciplinary Report and Hearing Record*, #20060098554). Samford complains that this disciplinary case was obtained in violation of his right to due process, among other things.

The proposed amended complaint by Samford seeks monetary damages as well as declaratory relief for violations of his constitutional rights in connection with the disciplinary conviction, which resulted in a loss of good-time credit. It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If a

judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*.

The Supreme Court has held that the rule in *Heck* applies to a "conviction" entered in a prison disciplinary proceeding that results in a change to the prisoner's sentence, such as the loss of good time credits. *See Edwards v. Balisok*, 520 U.S. 641 (1997); *see also Muhammad v. Close*, 540 U.S. 749 (2004) (recognizing that *Heck* bars claims for monetary damages or equitable relief raising an implication about the validity of a prison disciplinary conviction affecting the duration of time to be served where that conviction bears on the award or revocation of good-time credits). The rule in *Heck* also applies to claims for declaratory or injunctive relief that imply the invalidity of the conviction. *See Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir. 2002).

Because he contests the propriety of the strip search, and presumably his reasons for refusing to obey an order, the alleged violations outlined by Samford necessarily implicate the validity of his disciplinary conviction. According to the exhibits attached to the proposed amended complaint, the disciplinary conviction has not been set aside by an authorized tribunal. A claim that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *See Heck*, 512 U.S. at 486-87. Because Samford's disciplinary conviction has not been set aside, his civil rights claims are not cognizable under 42 U.S.C. § 1983. Accordingly, these claims must be dismissed with prejudice for failure to state a cognizable claim. *See Johnson v. McElveen*, 101 F.3d 423,

424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

In addition, the amended complaint by Samford also attempts to add a new theory that, in a separate incident on December 28, 2005, two prison officials forced Samford to carry "the heaviest bag of [his] personal property" in a manner contrary to his physical restrictions. This incident is not properly joined under Rule 20 of the Federal Rules of Civil Procedure. Likewise, the grievance attached to the proposed amended complaint makes no reference to the defendants or to this incident. As such, Samford fails to demonstrate that he has exhausted his administrative remedies with respect to this new allegation.

Samford fails to show that the dismissal order was entered in error. Accordingly, it is **ORDERED** that his motion to set aside the dismissal (Doc. #12) is **DENIED**.

It is further **ORDERED** that the plaintiff's pending motions for an extension of time (Doc. #14), for leave to file an amended complaint (Doc. #16), and for appointment of counsel (Doc. #16) are **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **April 28, 2006.**

Nancy F. Atlas
United States District Judge