IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT A. SAMFORD, JR., | § | |
| TDCJ #835644, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0279 |
| | § | |
| ASSISTANT WARDEN C.S. | § | |
| STAPLES, *et al.*, | § | |
|     Defendants. | § | |

**ORDER**

On July 21, 2006, this Court dismissed the civil rights complaint filed by state inmate Scott Samford. Samford has filed a notice of appeal from that decision. Samford now seeks to amend the complaint in this case by withdrawing claims against Officer Shelia Torres. (Doc. # 32). Samford also requests a certificate of appealability. (Doc. # 34). The motions are **denied** for reasons set forth briefly below.

When a district court dismisses an action and enters a final judgment, "a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60" of the Federal Rules of Civil Procedure. *Rosenzweig v. Azurix*, 332 F.3d 854, 864 (5th Cir. 2003) (citations omitted). Because the Court dismissed this action with a final judgment, Samford's attempt to amend the complaint is governed by Rule 60,[1] consistent with the considerations outlined by Rule 15(a). *Rosenzweig*, 332 F.3d at 864. Those considerations include: "undue delay, bad faith or dilatory motive on the part

---

[1] Because Samford's motion was filed more than ten days after the judgment became final, Rule 59 of the Federal Rules of Civil Procedure does not apply.

of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The proposed amendment, withdrawing claims against Officer Shelia Torres, is untimely and, more importantly, does not cure the deficiencies found in the pleadings.

Accordingly, it is **ORDERED** that the motion for leave to amend the complaint (Doc. # 32) is **DENIED**.

The other motion filed by Samford requests a certificate of appealability, which is required by 28 U.S.C. § 2253 for appeals in habeas corpus cases. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). Because this is a civil rights case governed by 42 U.S.C. § 1983, the federal habeas corpus statutes do not apply and a certificate of appealability is not required.

It is therefore **ORDERED** that Samford's motion for a certificate of appealability (Doc. # 34) is **DENIED**.

The Clerk will provide a copy of this order to the plaintiff.

SIGNED at Houston, Texas, on **August 25, 2006.**

_____
Nancy F. Atlas
United States District Judge